**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NANCY GUEDA, | No. CV 10-00104-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| WELLS FARGO BANK, as trustee for HARBORVIEW 2006-10; DOUGLAS A TOLENO, ESQ.; DAVID E. MCALLISTER, ESQ.; ROCHELLE L. STANFORD, ESQ.; PITE DUNCAN, LLP, DOES 1-10; | |
| Defendants. | |

Currently pending before the Court is Plaintiff Nancy Gueda's Verified Complaint For Declaratory Relief to Void Forcible Entry and Detainer. (Dkt. #1).

On January 19, 2009, Plaintiff lodged the instant Complaint with this Court. Plaintiff's filing is labeled as a Verified Complaint and requests a temporary restraining order (the words Temporary Restraining Order are handwritten at various places on the otherwise typewritten document). The Verified Complaint alleges that Defendants sold Plaintiff's property located at 3105 Simitan Drive, Lake Havasu City, Arizona, at a public sale on May, 14, 2009, and, based on the injunctive relief sought, are now or will soon be attempting to forcibly remove her from that property. Complicating matters, Plaintiff has not identified a date on which she expects such an action to occur.

1      It is clear, however, that Plaintiff has not provided Defendants with notice of the
2 instant TRO petition.[1]  Rule 65(b) of the Federal Rules of Civil Procedure requires that any
3 TRO issued without notice include "specific facts in an affidavit or a verified complaint
4 [which] clearly show that immediate and irreparable injury, loss, or damage will result to the
5 movant before the adverse party can be heard in opposition,"and that "the movant's attorney
6 certifies in writing any efforts made to give notice and the reasons why it should not be
7 required." FED. R. CIV. P. 65(b)(1)(A)–(B).  The Ninth Circuit has cautioned district courts
8 against issuing a TRO without notice to the adverse party, stating that the "[c]ircumstances
9 justifying the issuance of an ex parte order are extremely limited."  Reno Air Racing Ass'n,
10 Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing Granny Goose Foods, Inc. v.
11 Teamsters, 415 U.S. 423 (1974)).

12      In the instant case, Plaintiff has not met the demands of Rule 65(b) since her petition
13 was not accompanied by an affidavit or a verified complaint explaining why Defendants have
14 not been provided with notice of this matter and a certified writing explaining their efforts
15 to give notice and why it should not be required.  Furthermore, the urgency of Plaintiff's
16 TRO is not apparent from its contents as Plaintiff has not identified the date on which she
17 expects to be forcefully removed from her home or, in other words, the date by which she
18 relief must be granted, if it is to be granted at all.  Accordingly, the Court cannot determine
19 from her papers if requiring Plaintiff to comply with Rule 65(b) will cause her prejudice.
20 Therefore, before the Court will consider Plaintiff's request for relief, Plaintiff must notify
21 Defendants and provide proof of that notice to this Court.   If Plaintiff believes that such
22 notice should not be required, she must explain to this Court, in compliance with Rule 65(b),
23 the reasons for that belief.

---

[1] If Plaintiff's decision to file a Verified Complaint was an attempt to apply for an ex parte TRO, it is not clear from the document itself, as no mention of Rule 65(b) is made. See FED. R. CIV. P. 65(b)(1)(A) (allowing an application for an ex parte TRO to be made in a "verified complaint").

**Accordingly,**

**IT IS HEREBY ORDERED** that Plaintiff must give Defendants proper notice of this action or else comply with Rule 65(b) of the Federal Rules of Civil Procedure.

DATED this 19th day of January, 2010.

_____
Mary H. Murgua
United States District Judge