**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NANCY GUEDA,<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, as trustee for HARBORVIEW 2006-10; DOUGLAS A TOLENO, ESQ.; DAVID E. MCALLISTER, ESQ.; ROCHELLE L. STANFORD, ESQ.; PITE DUNCAN, LLP, DOES 1-10;<br><br>    Defendants. | No. CV 10-104-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is pro-se Plaintiff Nancy Gueda's Verified Complaint For Declaratory Relief to Void Forcible Entry and Detainer. (Dkt. #1). Before it would consider the merits of her petition, the Court ordered Plaintiff to give notice to Defendants of this action. (Dkt.# 5). Plaintiff has complied with the Court's directive, and after reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

**I.  Background**

On January 19, 2009, Plaintiff lodged the instant Complaint with this Court. Plaintiff's filing is labeled as a Verified Complaint For Declaratory Relief to Void Forcible Entry and Detainer, but really appears to be a request for a temporary restraining order ("TRO") (the words "Temporary Restraining Order" are handwritten at various places on the

1  otherwise typewritten document).  The Verified Complaint alleges that Defendants sold
2  Plaintiff's property located at 3105 Simitan Drive, Lake Havasu City, Arizona, at a public
3  sale on May, 14, 2009.  After that, the factual situation is decidedly unclear.  Based on the
4  injunctive relief sought—a TRO to void forcible entry and detainer—the Court has surmised
5  that Defendants are now or will soon be attempting to forcibly remove her from that
6  property.  Plaintiff has not, however, and as will be discussed *infra*, provided the Court with
7  any pertinent details concerning the forcible entry and detainer she wishes this Court to
8  enjoin.

## II.     Discussion

The standard for issuing a TRO is the same as that for issuing a preliminary injunction. See <u>Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.</u>, 236 F.Supp.2d 1152, 1154 (D.Haw. 2007).  Accordingly, a TRO is appropriate where the moving party establishes "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>American Trucking Associations, Inc. v. City of Los Angeles</u>, 559 F.3d 1046, 1052 (9th Cir. 2009).  The purpose of injunctive relief is to preserve the status quo and prevent the irreparable loss of rights. <u>Textile Unlimited, Inc. v. A..BMH and Co., Inc</u>., 240 F.3d 781, 786 (9th Cir. 2001).

Plaintiff has asked this Court to enjoin Defendants from forcibly entering and taking possession of the property located at 3105 Simitan Drive, Lake Havasu City, Arizona ("the property").  It is not clear whether Defendants have initiated a forcible entry and detainer action in state court. <u>See</u> A.R.S § 12-1173-1173.01 (setting forth forcible detainer law). Plaintiff has not specifically informed the Court that they have, the only mention of forcible detainer is in the title of this motion.  Accordingly, this Court is without sufficient information to determine if temporary injunctive relief is warranted or necessary.  To wit, Plaintiff has not told the Court such potentially pertinent information such as who is seeking to evict Plaintiff, when and if a state-court hearing on this issue is scheduled, whether a state court has already authorized forcible detainer, and, if so, the date by which Plaintiff must

vacate the property. It cannot, therefore, decide if Plaintiff has been threatened with harm, let alone irreparable harm, or if Plaintiff is likely to succeed on the merits of a challenge to the forcible detainer action.

In addition, the information Plaintiff has provided the Court does not support entry of a TRO. In her papers, Plaintiff admits that on May 14, 2009, the property was sold at non-judicial sale pursuant to the terms of the Mortgage and Security Agreement of which she was a party. Arizona Revised Statute section 12-1173.01 sets forth numerous circumstances under which a person in possession of land "may be removed through an action for forcible detainer filed with the clerk of the superior court." A.R.S. 12-1173.01(A). These include, among others, a situation, like the one here, where "the property has been sold through the foreclosure of a mortgage, deed of trust or contract for conveyance of real property." Id. at 12-1173.01(A)(1). Perhaps this is why Plaintiff's brief does not focus on the law of forcible detainer, but instead challenges the legality of the Mortgage and Security Agreement that resulted in the non-judicial sale of the property, alleging that agreement denied her due process of law, was unconscionable, and was an unenforceable cognovit note. These arguments, however, have no baring on Plaintiff's requested relief, as they go to the legality of the sale, not forcible detainer. If Plaintiff believed her claims concerning the Mortgage Agreement entitled her to protection from the non-judicial sale, she should have filed a motion for a TRO prior to that sale. This Court cannot now grant injunctive relief to undo a sale that has already occurred.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's request for a TRO found in her Verified Complaint For Declaratory Relief to Void Forcible Entry and Detainer. (Dkt. #1).

DATED this 1st day of February, 2010.

_____
Mary H. Murguia
United States District Judge